[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. CT Page 3454
Factual Background
The plaintiff, Yellow Freight System, Inc., has filed this action to recover for property damage sustained by its tractor trailer in a three vehicle collision that occurred on August 11, 1991. The defendants are Kenneth and Patricia Gorneault, the operator and owner, respectively, of one of the vehicles involved in the accident; and Elaine Spinnetta, the operator of the other vehicle.
In March 1993, the court granted the plaintiff's motion for default for failure to appear against the Gorneault defendants and later judgment entered against said defendants in the sum of $10,874.56 plus interest of $1,324.92.
The defendant, Elaine Spinnetta, has filed a motion for judgment dated February 24, 1994. At oral argument, she acknowledged that the motion should be treated as a motion for summary judgment because our rules of practice do not provide for such a purported "motion for judgment" in the context of this case.
 II.
Discussion
 a.
Viewing this as a motion for summary judgment, it could be, and is denied for failure to comply with Practice Book 379 which requires a party to obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or assigned for trial. The plaintiff filed a claim for the trial list on June 14, 1993 and the defendant did not thereafter seek this court's permission to move for summary judgment. Nevertheless, this court will discuss the defendant's motion because of the uncommon and yet fundamental issue it presents.
 b.
The defendant seeks summary judgment arguing that there are no material facts in dispute concerning her negligence. She argues that because a default judgment for the entire CT Page 3455 amount of the plaintiff's claim has entered against the two co-defendants in this action, her percentage of negligence is necessarily 0%. The defendant relies on the doctrine of collateral estoppel and argues that the final determination of the value of the plaintiff's damages bars subsequent or further action against other joint tortfeasors for the same damages. The defendant's argument that she is entitled to summary judgment is without merit.
"Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." In re Juvenile Appeal [83-DE), 190 Conn. 310,316 (1983) (emphasis added). "An issue is `actually litigated' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. An issue is necessarily determined if, `in the absence of a determination of the issue, the judgment could not have been validly rendered.'" (Citations omitted.) Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 714-715 (1993) (emphasis in original).
In the present case, the court entered a default judgment for the plaintiff without trial on August 25, 1993. This judgment was labeled a `Partial Judgment' because it was entered only against the two co-defendants who never appeared in this action. The issue of the respective parties' negligence was never `actually litigated', and therefore, contrary to the defendant's assertion, it has not been `necessarily determined' that she was not negligent. The default judgment entered against the co-defendants has no res judicata effect in the action against Spinnetta.
In Jackson v. R.G. Whipple, Inc., the Supreme Court noted that it could "envision some circumstances where it would be appropriate to give issue preclusive effect to a default judgment."[1]
Id., 717. These circumstances are limited, however, to cases where "there had been a fair and full opportunity to litigate issues and such issues were necessary to a default judgment." Id. As discussed above, these limited circumstances do not exist in the present case. The granting of the default judgment against the two co-defendants did not require the litigation of or resolution of any disputed issues.
c. CT Page 3456
The defendant argues further, however, that if a plaintiff chooses to institute several actions against joint tortfeasors,[2] there can still only be one recovery for the damages. It is true that "an injured party is entitled to full recovery only once for the harm suffered." Peck v. Jacquemin,196 Conn. 53, 70 n. 19 (1985). "For a recovery from a second tortfeasor to be barred, however, it must be shown that the injured party has received a full recovery." Hammond v. Waterbury,219 Conn. 569, 577 (1991) (emphasis in original).[3] In the present case the plaintiff has not, as of yet, recovered anything. Accordingly, the plaintiff is not barred from seeking recovery from Spinnetta.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT